UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILBUR W. WASHINGTON,                         Civ No. 4:22-cv-00922-O

          Plaintiff,

v.

CENTER STREET FINANCE, LP, doing
business as, CSF SERVICING,

          Defendants.
_____/

### DEFENDANT CENTER STREET FINANCE, LP'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Center Street Finance, LP ("Center Street"), by and through its undersigned attorney, and pursuant to FED. R. CIV. P. 12(b)(6), files this Motion to Dismiss Plaintiff Wilbur Washington's ("Plaintiff") Complaint because it fails to state a cause of action under the Fair Credit Reporting Act.

### INTRODUCTION AND COMPLAINT ALLEGATIONS[1]

On July 1, 2015, Plaintiff applied and obtained a line of credit with Center Street to finance a vehicle. Compl. ¶ 6. Plaintiff alleges that sometime in 2016 he was unable to make his payments, his account fell into default, and his account was ultimately charged off. *Id*. ¶¶ 7-8. In June, 2021, Plaintiff claims he noticed Center Street began reporting his loan as open, 120 days late, with a $15,632.00 balance to the 3 major CRA's. *Id.* ¶ 9. On June 2, 2021, Plaintiff claims he mailed a dispute letter to Equifax advising of the erroneous reporting and that the account had been charged off, but Equifax failed to respond. *Id.* ¶¶ 10-12. On July 6, 2021, Plaintiff sent to Equifax a second

---

[1] The below account is based solely on the allegations in the Complaint, which Center Street has not verified. Center Street reserves its right to contest any of Plaintiff's factual claims in the event this matter were to proceed beyond the pleading stage.

dispute letter, to which Equifax also failed to respond. *Id.* ¶¶ 13-14. Plaintiff alleges he engaged Freedom Market Pro., Inc., to clean up his credit report. *Id.* ¶ 15.

In November, 2021, Plaintiff, through Freedom Market's representation, and Center Street spoke about the subject account, during which Center Street stated the account should be closed. *Id.* ¶¶ 16-17. Plaintiff sent dispute letter directly to Center Street on November 19, 2021, January 11, 2022, and March 17, 2022, all of which Center Street ignored. *Id.* ¶¶ 18-23. Plaintiff claims Center Street's reporting of its trade line is inaccurate, and creates a materially misleading impression that Plaintiff is seriously delinquent. *Id.*, ¶ 24. Plaintiff further alleges Center Street failed to conduct a timely and reasonable investigation of his disputes after placing Center Street on notice of the erroneous credit reporting. *Id.* ¶ 26. As a result, Plaintiff alleges he experienced significant distrust, frustration, distress, and experienced a 40–60-point drop in his credit score, leading him to be labeled a high-risk customer. *Id.*, 28-31. On October 13, 2022, Plaintiff filed this lawsuit against Center Street in the United States District Court for the Northern District of Texas asserting 1 count for violations of the Fair Credit Reporting Act ("FCRA"). *Id.* ¶¶ 35-50. The Complaint is due to be dismissed because it fails to state a cause of action under the FCRA and because Plaintiff has failed to allege Center Street was notified by a Credit Reporting Agency of his notice of dispute to trigger liability under 15 U.S.C. § 1681s-2.

## LEGAL MEMORANDUM

### I. LEGAL STANDARD

Rule 12(b)(6) "allows motions to dismiss for failure to state a claim upon which relief can be granted." *Gipson v. Deutsche Bank Nat'l. Tr. Co.*, No. 3:13-CV-4820-L, 2015 WL 2069583, at *3 (N.D. Tex. May 4, 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering

a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well pleaded facts as true and view them in light most favorable to the plaintiff." *Baker v. Putnal*, 75 F. 3d 190, 196 (5th Cir. 1996). "To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient." *Holt v. Deutsche Bank Nat'l Tr. Co.*, No. 4:16-CV-196-A, 2016 WL 1633254, * 1 (N.D. Tex. Apr. 20, 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, at *id*. "[A] district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *U. S. ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015); *accord Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498-99 (5th Cir. 2000). Here, Plaintiff's Petition fails to state a cause of action upon which relief can be granted and is due to be dismissed.

## II.     PLAINTIFF FAILS TO ALLEGE AN FCRA VIOLATION

Plaintiff alleges Center Street violated its responsibilities pursuant to 15 U.S.C. § 1681s-2(b)(1)(A)-(E), which states

> (b) Duties of furnishers of information upon notice of dispute
>
> (1)     In general
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting

>agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
>(i) modify that item of information;
>(ii) delete that item of information; or
>(iii) permanently block the reporting of that item of information.

15 U.S.C. § 10681s-2(b)(1)(A)-(E)

"Section 1681s-2(b) sets forth the duties of furnishers of information once a consumer reporting agency gives the furnisher notice of a consumer's dispute over the completeness or accuracy of information provided by the furnisher to the consumer reporting agency." *Davis v. Sallie Mae, Inc.*, No. 3:09-cv-00821-B, 2009 WL 2525303, at *2 (N.D. Tex. Aug. 18, 2009). "While a furnisher of information may have liability for violations of 1681s-2(b), it is clear that any liability for alleged violation of 1681s-2(b) does not arise until a consumer reporting agency reports an inaccuracy to the furnisher and furnisher fails to correct the error." *Id.*, at *3. "Such notice is necessary to trigger the furnisher's duties under Section 1681s-2(b). *Id.*

The gravamen of an FRCA claim under the section Plaintiff cites, is the furnisher's failure to investigate, review, report, and correct *after* it receives notice from a consumer reporting agency. Plaintiff fails to plead that Equifax notified Center Street of his dispute. If these allegations are true, Plaintiff may have a cause of action against Equifax pursuant to § 1681i, which requires consumer reporting agencies to conduct a reasonable investigation into any information a consumer disputes and the agency retains in its file. However, Plaintiff merely pleads he sent dispute notices, but Equifax failed to respond to him. Under § 1681s-2(b)(1), Plaintiff must plead and prove Equifax received Plaintiff's dispute letters, and subsequently notified Center Street of

the dispute. Equifax's notification is a condition precedent and must be satisfied before Center Street's duty to investigate arises.

Further, Plaintiff's allegations he sent disputes directly to Center Street, which failed to respond to him or correct the information, still does not invoke § 1681s-2(b)(1) liability. "Under the FCRA, a furnisher of information may be liable under 15 U.S.C. § 1681s–2(b) only if the plaintiff pleads and proves that the furnisher was notified by a consumer reporting agency—not merely by the consumer—of the disputed debt." *Alam v. Sky Recovery Serv., Ltd.*, No. H-08-2377, 2009 WL 693170, at *3 (S.D. Tex. Mar. 13, 2009). Plaintiff attempts to claim the FCRA requires furnishers to respond to disputes about credit reporting items that are raised directly by the consumers, as set forth in § 1681s-2(a)(8), "which pertains to the obligations of a furnisher of information up direct notice by the consumer about inaccuracies in a consumer credit report. It is well settled that there is no private right of action for violations of § 1681s-2(a)." *Id.* at *4 . Therefore, Plaintiff fails to state a cause of action and the Complaint should be dismissed.

### III. CENTER STREET'S ACTIONS WERE NEITHER WILLFUL NOR NEGLIGENT.

Plaintiff alleges Center Street "deviated from the standards established by the debt collection industry [and] acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax." Compl., at ¶ 50. Plaintiff's allegations fail to support his claim that Center Street willfully violated § 1681b(f). "Section 1681n of the FCRA provides consumers with a cause of action against '[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA].'" *Scott v. Amex/Centurion S7T*, No. 3:01-cv-1594-H, 2001 WL 1645362, at * 3 (N.D. Tex. Dec. 18, 2001) (citing 15 U.S.C. § 1681n). "According to section 1681n, a defendant commits a willful violation and is subject to punitive damages only if it engages in willful misrepresentations or concealments." *Cameron v. Greater*

*New Orleans Fed. Credit Union*, 713 F. App'x 238, 240 (5th Cir. 2018) (internal quotation marks and citations omitted). "Noncompliance is considered willful when the defendant knowingly and intentionally committed an act in conscious disregard for the rights of others." *Id.* "Generally, courts have allowed a willful noncompliance claim to proceed where a defendant's conduct involves willful misrepresentations or concealments." *Cousins v. Trans Union Corp.*, 246 F. 3d 359, 372 (5th Cir. 2001). "Malice or evil motive need not be established for a punitive damages award, but the violation must have been willful." *Id.* Plaintiff fails to allege Center Street engaged in a willful misrepresentation or actively concealed information. Plaintiff merely concludes Center Street acted willfully. This is pleading deficiency is fatal to Plaintiff's claim.

## CONCLUSION

For the reasons set forth herein, this Honorable Court should dismiss Plaintiff's Petition, with prejudice.

DATED: December 9, 2022

Respectfully submitted,

*/s/ James R. Liebler, II*
JAMES R. LIEBLER II
Florida Bar No. 115348
E-mail: JRLII@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Center Street Dealer Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ James R. Liebler, II*
JAMES R. LIEBLER, II